1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE RAYMOND SMITH, | CASE NO. 1:08-cv-01817-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| S. TALLERICO,  et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Screening Order**

Plaintiff Claude Raymond Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on November 26, 2008.  (Doc. 1.)  Plaintiff's complaint is presently before the Court for screening.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1   1915(e)(2)(B)(ii).

2   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to § 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

4   506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

5   and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ.

6   Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

7   claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the

8   liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>,

9   490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

10  supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union</u>

11  <u>Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268

12  (9th Cir. 1982)).

13      **B.      <u>Summary of Plaintiff's Complaint</u>**

14      Plaintiff is a state prisoner currently housed in Vacaville, California.  Plaintiff was

15  previously incarcerated in Corcoran State Prison ("CSP")  in Corcoran, California, where the acts

16  he complains of occurred.  Plaintiff names as defendants: S. Tallerico, Correctional Counselor

17  I/II; W. Hense, acting captain; S. S. Freitas, Correctional Counselor I; Lonnie A. Watson, Chief

18  Deputy Warden; C. Rodriguez, Correctional lieutenant; J. P. Cordova, Correctional Counselor II;

19  D. D. Ortiz, associate warden; P. Stockman, associate warden; C. Boyer, sergeant; correctional

20  officers ("C/O") B. Johnson, V. Lloren, J. Gerten, and P. DeOchoa; G. Rangel, CCII; associate

21  warden D. G. Stockman; and Correctional Counselor II J. Jones.

22      Plaintiff alleges the following.  On November 25, 2004, Plaintiff was attacked in his cell

23  by inmate Sample with a sock containing numerous bars of soap.  (Doc. 1, p. 3.)  Plaintiff was

24  knocked unconscious.  (<u>Id</u>.)  Sample had attempted to choke Plaintiff, but Plaintiff was able to

25  gain his freedom.  (<u>Id</u>.)  Plaintiff informed building officers of the incident.   (<u>Id</u>.)

26      Sample had been designated for single cell status. (<u>Id</u>.)  However, inmate Sample had

27  been placed in Plaintiff's cell on November 17, 2004. (<u>Id</u>., p. 4.)  Sample had been released from

28  administrative segregation ("ad seg")  following a battery on his previous cell mate.  (<u>Id</u>.)  While

1  Sample was in ad seg, he had become involved in a physical altercation with another inmate.

2  (Id.)  Defendants W. Hense, S. Tallerico and S. S. Freitas, during Sample's classification on

3  March 11, 2004,  had failed to properly instruct other staff that Sample had a propensity for

4  violence.  (Id., pp. 4-5.)  CSP administration had failed to inform Facility 3A staff of Sample's

5  violent propensities and thus failed to take reasonable measures to protect Plaintiff from assault.

6  (Id., p. 5.)

7      Defendant sergeant C. Boyer had placed Sample in Plaintiff's cell and told him that if

8  Plaintiff refused to accept Sample, Plaintiff would be placed in ad seg.  (Id.)  Defendant

9  lieutenant Rodriguez was in change of the safety and security of all staff in the yard.  (Id.)

10  Defendant Correctional Counselor II G. Rangel's job was to review all of the classification call

11  sheets for inmates being released into Facility 3A.  (Id.)  Defendants acting Captain J. P. Cordova

12  and associate warden D. G. Stockman were responsible for programs and housing for Facility

13  3A.  (Id.)

14      On May 15, 2005, defendant C/O Johnson wrote a false disciplinary report accusing

15  Plaintiff of "Disruptive Behavior Which Could Lead to Violence."  (Id., p. 7.)  This charge was

16  later reduced to a custodial counseling chrono apparently because the charge was bogus.  (Id., p.

17  8.)  On May 19, 2005, Plaintiff was falsely written up for "inciting disorder" by defendant C/O

18  Lloren.  (Id.)

19      On July 27, 2005, Plaintiff was placed in ad seg for "threatening an inmate," which later

20  became "behavior which could lead to violence."  (Id., p. 6.)  An inmate co-worker had been

21  ordered to set up Plaintiff, and Plaintiff ended up in ad seg.  (Id.)  While in ad seg, Plaintiff's

22  personal property was stolen/lost by defendants C/Os J. Gerten and P. DeOchoa, including the

23  director's level response to his inmate grievance concerning the cell fight.  (Id., pp. 6-7, 9.)

24  Plaintiff filed an inmate property grievance.  (Id., p. 7.)  Defendant J. Jones had rejected

25  Plaintiff's grievance on November 13, 2006, which delayed Plaintiff's writ of habeas corpus filed

26  in Kings County Superior Court.  (Id.)

27      On February 9, 2006, at Plaintiff's classification hearing, defendants S. Tallerico and J. P.

28

1  Cordova continued the conspiracy to violate Plaintiff's civil rights by raising Plaintiff's

2  classification score and sending Plaintiff to a higher, level 4 facility rather than reducing

3  Plaintiff's classification point total so that he could remain at a level 3 facility.  (Id., pp. 10-11.)

4          As a result of the attack by Sample, Plaintiff has problems hearing out of his right ear,

5  worsened eyesight, and loss of equilibrium.  (Id., pp. 11-12.)  The defendants and CDC officials

6  have interfered with Plaintiff's ability to file this complaint by not providing Plaintiff with a copy

7  of the director's level response to his inmate grievance regarding the attack.  (Id., p. 12.)

8          Plaintiff seeks as relief monetary damages, single cell status, a court-appointed attorney,

9  and an injunction prohibiting retaliatory actions by CDCR employees.

10         **C.**   **Plaintiff's Claims**

11              **1.**   *Linkage Requirement*

12  The Civil Rights Act under which this action was filed provides:

13              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
14              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
15              law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

17  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See

18  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

20  constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

21  another's affirmative acts or omits to perform an act which he is legally required to do that

22  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

23  Cir. 1978).  In order to state a claim for relief under § 1983, Plaintiff must link each named

24  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

25  federal rights.

26         Plaintiff names defendants Lonnie Watson, D. D. Ortiz, and P. Stockman, but fails to link

27  Watson, Ortiz, or P. Stockman to any act or omission that would demonstrate a violation of

28

                                                        4

1    Plaintiff's federal rights.  Plaintiff thus fails to state a cognizable claim against defendants

2    Watson, Ortiz, and P. Stockman under § 1983.

3                    **2.     *Failure to Protect***

4           Plaintiff alleges that several defendants failed to protect Plaintiff's safety when they

5    housed Plaintiff with inmate Samples, an inmate with a history of violence.  This implicates the

6    Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth

7    Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . .

8    ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be

9    restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter,

10   sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107

11   (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a

12   duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at 1250

13   (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this

14   duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial

15   risk of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate

16   indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

17   must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v. Seiter,

18   501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an

19   excessive risk to inmate health or safety."  Id. at 837.

20          Plaintiff alleges that defendants W. Hense, S. Tallerico and S. S. Freitas failed to inform

21   facility 3A staff of inmate Sample's violent propensities.  (Doc. 1, pp. 4-5.)  Plaintiff has not

22   sufficiently alleged that defendants Hense, Tallerico, and Freitas knew of and disregarded an

23   excessive risk to Plaintiff's safety.  Plaintiff thus fails to state a cognizable Eighth Amendment

24   claim.  Plaintiff's allegations amount to at most negligence on the part of Hense, Tallerico, and

25   Freitas, which is not sufficient to state an Eighth Amendment claim under § 1983.  See Farmer v.

26   Brennan, 511 U.S. 825, 834-35 (1994) (holding that "mere negligence" by prison official does

27   not violate the Eighth Amendment).

28

Plaintiff also alleges that defendant sergeant C. Boyer placed inmate Sample in Plaintiff's cell.  (Doc. 1, p. 5.)  Plaintiff alleges that defendant lieutenant Rodriguez was in charge of safety and security on the yard.  (Id.)  Plaintiff alleges defendant correctional counselor II G. Rangel's job was to review all of the classification call sheets for inmates being released into Facility 3A.  (Id.)  Plaintiff alleges that defendants acting Captain J. P. Cordova and associate warden D. G. Stockman were responsible for programs and housing for Facility 3A.  (Id.)

Plaintiff also fails to state a cognizable Eighth Amendment claim against defendants Boyer, Rodriguez, Rangel, Cordova, and D.G. Stockman.  Plaintiff has not sufficiently alleged that defendants Boyer, Rodriguez, Rangel, Cordova, and Stockman knew of and disregarded an excessive risk to Plaintiff's safety.

Plaintiff's allegations against defendants C. Rodriguez, J. P. Cordova and D. G. Stockman appear to be based on their supervisory roles.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 3.    *Retaliation*

Plaintiff alleges that defendants conspired to prevent Plaintiff from filing a legal action by depriving Plaintiff of his property, filing false disciplinary reports, placing Plaintiff in ad seg, and transferring Plaintiff to another prison.  (Doc. 1, pp. 6-11.)  The Court shall treat this allegation as a claim of retaliation, implicating the First Amendment.  Allegations of retaliation against a

1 prisoner's First Amendment rights to speech or to petition the government may support a § 1983

2 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

3 Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

4 "Within the prison context, a viable claim of First Amendment retaliation entails five basic

5 elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

6 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

7 exercise of his First Amendment rights, and (5) the action did not reasonably advance a

8 legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

9   In the prison context, cases in this Circuit addressing First Amendment retaliation claims

10 involve situations where the action taken by the defendant was clearly adverse to the plaintiff.

11 Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of

12 property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v.

13 Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative

14 segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory

15 validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir.

16 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v.

17 Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in

18 retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled

19 him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v.

20 Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class

21 and transfer to a different prison).

22   Plaintiff alleges that defendant Correctional Counselor II J. Jones rejected Plaintiff's

23 property appeal.  (Doc. 1, p. 7.)  This is not sufficient to state a cognizable retaliation claim

24 because the act of rejecting an inmate appeal is itself not a sufficient adverse action that would

25 implicate the First Amendment.

26   Plaintiff alleges that defendants J. Gerten and P. DeOchoa took Plaintiff's property from

27 his cell while Plaintiff was in ad seg.  (Doc. 1, pp. 6-7, 9.)  The taking of property because

28 Plaintiff filed a legal action and prison grievance may state a retaliation claim.  Rhodes, 408 F.3d

1  at 568.  Plaintiff thus states a cognizable retaliation claim against defendants C/Os J. Gerten and

2  P. DeOchoa.

3       Plaintiff alleges that defendant C/O B. Johnson wrote a false disciplinary report charging

4  Plaintiff with threats to staff, which was later reduced to a counseling chrono.  (Doc. 1, pp. 7-8.)

5  Plaintiff also alleges that defendant C/O V. Lloren wrote a false disciplinary report charging

6  Plaintiff with inciting disorder.  (Doc. 1, p.8.)   The writing of a false disciplinary report may be

7  sufficient to state a retaliation claim.  Hines, 108 F.3d at 267.  Plaintiff thus states cognizable

8  retaliation claims against defendants B. Johnson and V. Lloren.

9       Plaintiff alleges that defendants S. Tallerico and J. P. Cordova fraudulently raised

10 Plaintiff's classification score and sent Plaintiff to a higher level security prison.  (Doc. 1, pp. 10-

11 11.)  A prison transfer may be sufficient to state a retaliation claim.  Rizzo, 778 F.2d at 531.

12 Plaintiff thus states a cognizable retaliation claim against defendants S. Tallerico and J. P.

13 Cordova.

14       **4.    *Conspiracy***

15      Plaintiff alleges a conspiracy by defendants.  (Doc. 1, p. 6.)  A conspiracy claim brought

16 under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional

17 rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of

18 Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an

19 actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006)

20 (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).

21 "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but

22 each participant must at least share the common objective of the conspiracy.'"  Franklin, 312

23 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

24      The federal system is one of notice pleading, and the court may not apply a heightened

25 pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of

26 San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307

27 F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

28 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

1   Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the

2   grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

3   formulaic recitation of the elements of a cause of action . . . ."  Id. at 1964-65 (internal quotations

4   and citations omitted).

5        Plaintiff's bare allegations of a conspiracy are insufficient to state a cognizable claim

6   under § 1983.

7   **II.    Conclusion and Order**

8        Plaintiff has stated cognizable claims against J. Gerten, P. DeOchoa, B. Johnson, V.

9   Lloren, S. Tallerico, and J. P. Cordova for retaliation in violation of the First Amendment.

10  Plaintiff fails to state any cognizable claims against defendants Lonnie Watson, D. D. Ortiz, W.

11  Hense, S. S. Freitas, C. Rodriguez, C. Boyer, G. Rangel, D. G. Stockman, P. Stockman, and J.

12  Jones.  The Court grants Plaintiff leave to file an amended complaint within thirty days.

13       If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

14  only against defendants J. Gerten, P. DeOchoa, B. Johnson, V. Lloren, S. Tallerico, and J. P.

15  Cordova, Plaintiff may so notify the Court in writing.  The Court will then issue an order

16  dismissing defendants Lonnie Watson, D. D. Ortiz, W. Hense, S. S. Freitas, C. Rodriguez, C.

17  Boyer, G. Rangel, D. G. Stockman, P. Stockman, and J. Jones from this action, and will forward

18  Plaintiff six summonses and six USM-285 forms for completion and return.  Upon receipt of the

19  forms, the Court will direct the United States Marshal to initiate service of process.

20       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must demonstrate

21  how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional

22  rights.  See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  The complaint must allege in

23  specific terms how each named defendant is involved.  There can be no liability under § 1983

24  unless there is some affirmative link or connection between a defendant's actions and the

25  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

26  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Although accepted as true,

27  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

28  . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File a first amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order;

3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so will result in an order striking the first amended complaint;  and

4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.


IT IS SO ORDERED.

Dated:   **June 19, 2009**          _____**/s/ Dennis L. Beck**_____
                                              UNITED STATES MAGISTRATE JUDGE