# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALUDE RAYMOND SMITH, | Case No. 1:08-cv-01817-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 13) |
| S. TALLERICO, et al., | |
| Defendants. | |
| _____/ | |

**I.     Order**

Plaintiff Claude Raymond Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his original complaint on November 26, 2008. On June 19, 2009, the Court issued an order requiring Plaintiff either to file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. (Doc. 12.) On July 27, 2009, Plaintiff filed his first amended complaint. (Doc. 13.) On December 23, 2008, Plaintiff consented to magistrate judge jurisdiction. (Doc. 4.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.      Summary of First Amended Complaint**

Plaintiff was previously incarcerated at California State Prison, Corcoran ("CSP") in Corcoran, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: correctional counselor II S. Tallerico, CC II/acting captain J. P. Cordova, acting captain W. Hense, CC I S. S. Freitas, correctional sergeant C. Boyer, CC II/acting captain G. Rangel, associate warden D. G. Stockman, correctional officers B. Johnson, V. Hayse-Lloren, J. Gerfen, and P. DeOchoa, correctional counselor II/appeals coordinator J. Jones, and correctional lieutenant C. Rodriguez.

Plaintiff alleges the following. On November 25, 2004, Plaintiff was attacked in his cell by inmate Sample. Sample hit Plaintiff in the back of the head with bars of soap inside a sock. While Plaintiff was unconscious, Sample hit Plaintiff about the head and face with clenched fists. When Plaintiff began to regain consciousness, Sample proceeded to choke Plaintiff with his arm around the throat. Plaintiff managed to bite Sample in the chest until he let him go. The cell doors were then opened for exercise yard release. Plaintiff informed building officers of the incident.

Plaintiff was given a copy of inmate Sample's CDC 128-G classification chrono that stated inmate Sample had a history of violence and assaults. The classification committee of defendants

Hense, Tallerico, and Freita elected to place Sample on single cell status.  On November 17, 2004, Sample was placed in Plaintiff's cell from administrative segregation ("ad-seg").  Sample had been placed in ad-seg for assaulting another inmate with the bottom brush of a large push broom.  Sample was released by associate warden Stockman, captain W. Hense, and S. S. Freitas into 3A general population facility.  Freitas, Hense, and Tallerico failed to inform other staff of Sample's propensity for violence.  This led to the failure of defendants Stockman and captain Cordova in conducting ad-seg classification to flag Sample's placement in facility 3A, which led to the assault on Plaintiff.

Defendant Sergeant C. Boyer placed Sample in Plaintiff's cell the night of November 17, 2004 and informed Plaintiff that he was going to ad-seg if he did not accept Sample as an inmate.  Sgt. Boyer was aware of Sample's propensity for violence and placed him in Plaintiff's cell anyway.  Plaintiff returned to work and informed defendant J. Gerfen of how he had been assaulted, which J. Gerfen found funny.

On November 29, 2004, Plaintiff filed an inmate grievance concerning his assault, which was reviewed by defendants C. Rodriguez and G. Rangel.  Plaintiff had been working at a kitchen job, but was transferred to a position as a CC II clerk working with G. Rangel in the program office on April 2, 2005.  Defendant Rodriguez then harassed Plaintiff by repeatedly telling him that Rodriguez did not need a clerk who had paperwork pending against the system.  Plaintiff was told to drop the 602 grievance or find a new job. Approximately May 16, 2005, Plaintiff's cell was searched, and the searching officers found an old typewriter ribbon from Plaintiff's previous job as peer education teacher, as well as a roll of tape.  Defendant Rodriguez stated that Plaintiff was fired for stealing state property.  Captain Andrews told defendants Rangel and Rodriguez that Plaintiff was not to be fired or disciplined without prior consultation with Andrews.  Defendants Rodriguez and Rangel then informed the two other CC II clerks that as long as Plaintiff was working in the office, the two clerks would receive none of the benefits.  Plaintiff continued to work in the program office until July 27, 2005, when he was placed into ad-seg for threatening inmate Jennings, defendant Rodriguez's personal clerk.  Inmate Jennings was ordered to set up Plaintiff so that Plaintiff would be sent to ad-seg.

While in ad-seg, Plaintiff's personal property was lost. Defendant J. Jones rejected Plaintiff's inmate appeals regarding his property for exceeding the time limits for CDC inmate appeals. A state judge ordered CDC to reinstate Plaintiff's appeal and process it at the second level. Defendant J. Jones, who had previously acted on Plaintiff's prior appeal, reviewed the second level appeal and denied it again. Plaintiff was prevented from appealing to the third level.

Two other incidents occurred prior to Plaintiff's placement in ad-seg. On May 15, 2005, defendant B. Johnson wrote a false disciplinary report accusing Plaintiff of disruptive behavior which could lead to violence. Defendant Johnson wrote that Plaintiff had threatened him while inciting riotous behavior, which would normally result in ad-seg placement. This charge was later reduced to custodial counseling chrono. On May 19, 2005, Plaintiff was again written up for inciting disorder by defendant V. Lloren, who falsely claimed Plaintiff was inciting inmates on lockdown during the course of Plaintiff's job duties as program office CC II clerk. This was also not successful in putting Plaintiff into ad-seg.

Once in ad-seg, several personal items belonging to Plaintiff were lost/stolen/given away by defendants J. Gerfen and P. DeOchoa. Defendants Tallerico and J. P. Cordova during Plaintiff's annual classification hearing did not deduct 4 points from Plaintiff's classification score. As a result, Plaintiff's classification level remained at level 4. Plaintiff was then transferred to a newly opened 180 design (mostly total lock-up) level 4 prison in violation of Plaintiff's constitutional rights to be provided reasonable safety and to be protected from unreasonably hazardous living conditions.

Plaintiff as a result of the cell attack cannot hear clearly out of his right ear, and has fading eyesight, loss of equilibrium, hypertension, and fear of other inmates. Plaintiff alleges a conspiracy by all the named defendants to have Plaintiff attacked, and to bar Plaintiff from timely bringing forth this complaint.

Plaintiff seeks monetary damages, an attorney, single cell status, and injunctive relief to prevent reprisal by any CDCR staff.

//

//

### III. Discussion

#### 1. Eighth Amendment - Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

Plaintiff alleges that defendants Freitas, Hense, and Tallerico failed to inform other staff of inmate Sample's propensity for violence. This allegedly led to the failure of defendants Stockman and captain Cordova in conducting ad-seg classification to flag Sample's placement in facility 3A, which led to the assault on Plaintiff. Plaintiff has not alleged a cognizable failure to protect claim against defendants Freitas, Hense, Tallerico, Stockman, or Cordova. The alleged failure to inform by Freitas, Hense, and Tallerico amounts at most to an allegation of negligence. Plaintiff's complaint alleges that defendants Freitas, Hense, and Tallerico were aware of inmate Sample's violent nature and placed him on single cell status. Plaintiff thus fails to allege that defendants

5

Freitas, Hense, and Tallerico disregarded risk to inmate safety.

Plaintiff also fails to state a cognizable claim that defendants Stockman and Cordova violated Plaintiff's Eighth Amendment rights. Plaintiff alleges that it was Freitas, Hense, and Tallerico who were the main cause of the attack on Plaintiff. Thus, defendants Stockman and Cordova had no opportunity to intervene and prevent such an incident, because they were not aware that inmate Sample would pose a threat.

Plaintiff also alleges that defendants Tallerico and Cordova are endangering Plaintiff's safety by having him transferred to a newly opened level-4, 180-design facility. Plaintiff alleges the danger derives from newly opened level 4 facilities being inherently more dangerous. Plaintiff's allegations fail to state an Eighth Amendment claim against defendants Tallerico and Cordova. Plaintiff's fear of dangers are vague and speculative. Plaintiff thus fails to articulate any actual harm that Plaintiff would face upon transfer to such a facility.[1]

Plaintiff also alleges that defendant C. Boyer knew that inmate Sample posed a threat to other inmates because of his propensity for violence and still chose to house Sample in Plaintiff's cell. This is sufficient to state a cognizable failure to protect claim against defendant Boyer.

**2.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that defendants Rodriguez and Rangel planned to have Plaintiff placed in

---

[1] Inmates do not have a due process claim for transfers to another prison, see Meachum v. Fano, 427 U.S. 215, 225-27 (1983), or classification status, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

6

ad-seg and fired from his clerk job because Plaintiff had a pending complaint against prison staff for the inmate attack. Defendants Rodriguez and Rangel allegedly set up Plaintiff by having another inmate clerk allege that Plaintiff had threatened violence against him. Plaintiff was then placed into ad-seg. Defendants Rodriguez and Rangel had previously charged Plaintiff with stealing prison property in an attempt to have Plaintiff fired. This is sufficient to state a cognizable retaliation claim against defendants Rodriguez and Rangel.

### 3. Other Claims

Plaintiff alleges that defendant J. Jones improperly processed Plaintiff's inmate grievance in violation of prison regulations. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Actions in reviewing prisoner's administrative appeal cannot alone serve as the basis for liability under a § 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff thus fails to state a claim against defendant Jones solely for actions in responding to the inmate grievance.

Plaintiff alleges that defendants B. Johnson and V. Lloren wrote false disciplinary reports in an attempt to have Plaintiff moved to ad-seg, but both attempts were thwarted. This is not sufficient to state a cognizable claim for any constitutional or federal violation.

Plaintiff alleges that several personal items belonging to Plaintiff were lost/stolen/given away by defendants J. Gerfen and P. DeOchoa. It is not explicit whether Plaintiff was deprived of his property pursuant to an established prison regulation (i.e., authorized), or whether it was unauthorized. Because Plaintiff alleges that his personal property was stolen, this would appear to be an unauthorized deprivation. Accordingly, Plaintiff states a cognizable due process claim for the deprivation of his personal property by defendants Gerfen and DeOchoa.

### IV. Conclusion and Order

Accordingly, Plaintiff states a cognizable Eighth Amendment claim against defendant C. Boyer, retaliation claim against defendants Rodriguez and Rangel, and due process claim for deprivation of property by defendants J. Gerfen and P. DeOchoa. Plaintiff fails to state a claim

against defendants Freitas, Hense, Tallerico, Stockman, Johnson, Lloren, Cordova, and Jones. Plaintiff was previously provided with the appropriate legal standards that govern his claims, and was provided leave to amend. Further leave to amend shall not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, the Court HEREBY ORDERS the following:

1. This action proceed against defendant C. Boyer for failure to protect in violation of the Eighth Amendment, defendants C. Rodriguez and G. Rangel for retaliation in violation of the First Amendment, and defendants J. Gerfen and P. DeOchoa for deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment; and

2. Defendants S. Tallerico, J. P. Cordova, W. Hense, S. S. Freitas, D. G. Stockman, B. Johnson, V. Hayse-Lloren, and J. Jones are dismissed from this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **November 13, 2009**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE