# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE RAYMOND SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>S. TALLERICO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-CV-01817-DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING DEFENDANTS RODRIGUEZ, RANGEL, DEOCHOA, AND GERFEN FROM ACTION<br><br>(DOC. 23) |

**Order**

**I.  Background**

Plaintiff Claude Raymond Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint against (1) Defendants C. Rodriguez and G. Rangel for retaliation in violation of the First Amendment, (2) Defendants J. Gerfen and P. DeOchoa for deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment, and (3) Defendant C. Boyer for violation of the Eighth Amendment. Pending before the Court is Defendants Rodriguez, Rangel, DeOchoa, and Gerfen's motion to dismiss, filed April 26, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and the unenumerated portion of Rule 12(b) for failure to exhaust administrative remedies.  Doc. 23,

1  Defs.' Mot. Dismiss.  Plaintiff filed his opposition on July 2, 2010.  Doc. 27, Pl.'s Opp'n.[1]
2  Defendants filed their reply on July 7, 2010.  Doc. 28, Defs.' Reply.  The matter is submitted
3  pursuant to Local Rule 230(l).

**II.      Summary of Amended Complaint**

Plaintiff was previously incarcerated at California State Prison, Corcoran ("CSP") in Corcoran, California, where the events giving rise to this action allegedly occurred.  Plaintiff alleges the following.  On November 25, 2004, Plaintiff was attacked in his cell by inmate Sample.  Sample hit Plaintiff in the back of the head with bars of soap inside a sock.  While Plaintiff was unconscious, Sample hit Plaintiff about the head and face with clenched fists.  When Plaintiff began to regain consciousness, Sample proceeded to choke Plaintiff with his arm around the throat.  Plaintiff managed to bite Sample in the chest until he let him go.  The cell doors were then opened for exercise yard release.  Plaintiff informed building officers of the incident.

Plaintiff was given a copy of inmate Sample's CDC 128-G classification chrono that stated inmate Sample had a history of violence and assaults.  The classification committee of elected to place Sample on single cell status.  On November 17, 2004, Sample was moved from administrative segregation ("ad-seg") and placed in Plaintiff's cell.  Sample had been placed in ad-seg for assaulting another inmate with the bottom brush of a large push broom.  Defendant Sergeant C. Boyer placed Sample in Plaintiff's cell the night of November 17, 2004 and informed Plaintiff that he was going to ad-seg if he did not accept Sample as an inmate.  Sgt. Boyer was aware of Sample's propensity for violence and placed him in Plaintiff's cell anyway.  Plaintiff returned to work and informed Defendant J. Gerfen of how he had been assaulted, which J. Gerfen found funny.

On November 29, 2004, Plaintiff filed an inmate grievance concerning his assault, which was reviewed by defendants C. Rodriguez and G. Rangel.  Plaintiff had been working at a kitchen job, but was transferred to a position as a CC II clerk working with Defendant G. Rangel

---

[1]  Plaintiff was provided with notice of the requirements for opposing a motion to dismiss by the Court's second informational order, filed on November 30, 2009.  Doc. 17.

2

in the program office on April 2, 2005.  Defendant Rodriguez then harassed Plaintiff by repeatedly telling him that Rodriguez did not need a clerk who had paperwork pending against the system.  Plaintiff was told to drop the 602 grievance or find a new job. Approximately May 16, 2005, Plaintiff's cell was searched, and the searching officers found an old typewriter ribbon from Plaintiff's previous job as peer education teacher, as well as a roll of tape.  Defendant Rodriguez stated that Plaintiff was fired for stealing state property.  Captain Andrews told defendants Rangel and Rodriguez that Plaintiff was not to be fired or disciplined without prior consultation with Andrews.  Defendants Rodriguez and Rangel then informed the two other CC II clerks that as long as Plaintiff was working in the office, the two clerks would receive none of the benefits.  Plaintiff continued to work in the program office until July 27, 2005, when he was placed into ad-seg for threatening inmate Jennings, defendant Rodriguez's personal clerk. Inmate Jennings was ordered to set up Plaintiff so that Plaintiff would be sent to ad-seg.

Once in ad-seg, several personal items belonging to Plaintiff were lost/stolen/given away by defendants J. Gerfen and P. DeOchoa.  Plaintiff as a result of the cell attack cannot hear clearly out of his right ear, and has fading eyesight, loss of equilibrium, hypertension, and fear of other inmates.

Plaintiff seeks monetary damages, an attorney, single cell status, and injunctive relief to prevent reprisal by any CDCR staff.

**III.     Failure To State A Claim**

    **A.     Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421.  The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

3

showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'") (quoting *Fontana v. Haskin*, 262 F.3d 871, 977 (9th Cir. 2001)) .

**B.     Analysis**

Defendants Gerfen and DeOchoa contend that Plaintiff fails to state a claim against them. Defs.' Mem. P. & A. Support Mot. Dismiss 6:20-7:8.  Defendants contend that Plaintiff alleges only that Defendants DeOchoa and Gerfen lost/stole/gave away Plaintiff's property.  *Id.* Defendants contend that this cannot state a claim under the Due Process Clause of the Fourteenth Amendment.  *Id.*

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

4

Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

The Court agrees with Defendants that as plead, Plaintiff's complaint fails to state a due process claim regarding deprivation of Plaintiff's property. Plaintiff's allegations amount at most to an unauthorized deprivation of property, which is not a cognizable claim under § 1983. Defendants Gerfen and DeOchoa's motion to dismiss for failure to state a cognizable due process claim against is granted. The Court further finds that Plaintiff will not be able to cure the deficiencies in his amended complaint as to this claim, and thus, no leave to amend will be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

**IV.     Failure To Exhaust Administrative Remedies**

    **A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative

remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

  **B.**  **Analysis**

  The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

  Defendants Rodriguez and Rangel contend that Plaintiff failed to exhaust administrative remedies against them prior to filing this action. Defs.' Mem. P. & A. Support Mot. Dismiss 10:5-11:13. Defendants contend that only three grievances were filed while Plaintiff was at Corcoran, COR-04-04380, COR-05-2403, and COR-06-647, and that none addressed Plaintiff's claims alleged in this action. *Id.*

  Grievance COR-04-04380 concerned being set up by staff to be assaulted by inmate Sample on November 25, 2004. Doc. 23-2, J. Jones Decl., Ex. B. This grievance does not mention any retaliation by Defendants Rodriguez or Rangel. Grievance COR-05-2403 concerned retaliatory conduct by correctional officer Lloren for writing a 128B chrono against Plaintiff for talking to individuals with whom Plaintiff was ordered not to talk. *Id.*, Ex. C.

6

1  Grievance COR-06-647 concerned the deprivation of Plaintiff's property, which does not
2  concern any retaliatory conduct by Defendant Rodriguez or Rangel. *Id.*, Ex. D.

3        Defendants have met their burden of demonstrating that Plaintiff failed to exhaust
4  administrative remedies against them. The burden shifts to Plaintiff to demonstrate that he
5  exhausted all available administrative remedies.

6        Plaintiff contends in opposition that if prison officials had addressed his request for an
7  investigation, he would have suffered no retaliation. Pl.'s Opp'n. Plaintiff appears to contend
8  that because the CDCR could have conducted an investigation but did not do so, Plaintiff has
9  exhausted administrative remedies.[2] *Id.* at 6.

10       Plaintiff's arguments are unavailing. As required by federal law, California state
11 prisoners must comply with the CDCR's exhaustion process prior to filing civil rights actions.
12 *Woodford*, 548 U.S. at 85-86. This requires that grievances or appeals be filed within fifteen
13 days of the event being appealed. Cal. Code Regs. tit. 15, § 3084.6(c). "[W]hen a prison's
14 grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it
15 alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557
16 F.3d 1117, 1120, (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).
17 Here, Plaintiff failed to alert prison officials of the alleged retaliatory conduct by Defendants
18 Rodriguez or Rangel in any of the grievances listed. Thus, Plaintiff failed to exhaust
19 administrative remedies as to his retaliation claims against Defendants Rodriguez and Rangel.
20 The proper remedy is dismissal of Plaintiff's retaliation claims without prejudice. *Wyatt*, 315
21 F.3d at 1119-20.

22 **V.  Conclusion**

23       Based on the foregoing, it is HEREBY ORDERED that:

24       1.      Defendants' motion to dismiss, filed April 26, 2010, is GRANTED in full;

25       2.      Plaintiff's due process claim against Defendants DeOchoa and Gerfen is

---

[2] Plaintiff does raise specific arguments regarding his due process claim against Defendants DeOchoa and Gerfen. However, because Plaintiff failed to state a claim against Defendants DeOchoa and Gerfen, the Court does not reach Defendants DeOchoa and Gerfen's arguments regarding exhaustion of administrative remedies.

7

DISMISSED with prejudice for failure to state a claim;

3. Plaintiff's retaliation claim against Defendants Rodriguez and Rangel is DISMISSED without prejudice for failure to exhaust administrative remedies;

4. Defendants DeOchoa, Gerfen, Rodriguez, and Rangel are dismissed from this action; and

5. Defendant C. Boyer is to file an answer to Plaintiff's amended complaint within **ten (10) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 17, 2010**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE