# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE RAYMOND SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. TALLERICO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-CV-01817-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE<br><br>(DOC. 53)<br><br>AMENDED MOTION DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Claude Raymond Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed July 27, 2009, against Defendant C. Boyer for failure to protect in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to compel, filed September 30, 2011. Pl.'s Mot. Compel, Doc. 53. Defendant filed his opposition on October 20, 2011. Def.'s Opp'n, Doc. 55. The matter is submitted pursuant to Local Rule 230(l).

**I.     Motion To Compel**

　　　　Plaintiff's motion to compel is devoid of any specificity. Plaintiff includes only a procedural history of his various filings. Pl.'s Mot. Compel 3-4. It appears that Plaintiff served Defendant with a request for production of documents. *Id.* On July 20, 2011, Defendant served responses, opposing each request. The Court notes that Plaintiff has failed to produce the

requests for production of documents and Defendant's responses.[1]

Defendant contends that he objected to the production of documents because Plaintiff has equal access to these documents, as they are all located in Plaintiff's central file. Def.'s Opp'n 2:8-18. Defendant also contends that he does not have possession, custody, or control over these documents, and to order Defendant to produce these documents is to require Defendant's counsel to conduct Plaintiff's discovery for him. *Id.* at 2:21-3:11.

Because Plaintiff has not produced the first set of requests for production of documents, nor Defendant's responses, the Court cannot make a determination. *See* L. R. 250.3 ("Requests for production, responses and proofs of service thereof shall not be filed unless and until there is a proceeding in which the request, response, or proof of service is at issue."). For a motion to compel, the moving party should produce the request for production, responses, and proofs of service thereof.

Additionally, as other district courts have found,

> as the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. *See*, *e.g.*, *Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

*Haynes v. Sisto*, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal. Oct. 29, 2010). The Court will provide Plaintiff with leave to file an amended motion to compel concerning his first set of requests for production of documents.

If the requested documents are all located in Plaintiff's central file, and Plaintiff has

---

[1] Plaintiff served a second request for production of documents on September 20, 2011. That request would be untimely. As stated in the Court's Discovery and Scheduling Order, discovery requests were to be served thirty days prior to the discovery cut-off date. Doc. 47. In this instance, the discovery cut-off date was September 19, 2011.

access to such documents, Defendant will not be required to produce them. Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the . . . extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

If, however, Plaintiff cannot access these documents through his central file, Defendant's second argument is not persuasive. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

///

**II.** **Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed September 30, 2011, is denied without prejudice;
2. Plaintiff is granted thirty (30) days from the date of service of this order in which to file an amended motion to compel regarding his first set of requests for production of documents, as stated herein;
3. Failure to timely file an amended motion to compel will result in Plaintiff's waiver of the opportunity to file an amended motion to compel.

IT IS SO ORDERED.

Dated:   **November 17, 2011**                            /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE