# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE RAYMOND SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>C. BOYER,<br><br>            Defendant.<br>                                                           / | CASE NO. 1:08-cv-01817-DLB PC<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT<br>(DOC. 66) |

**Order**

**I.     Background**

Plaintiff Claude Raymond Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendant C. Boyer for deliberate indifference in violation of the Eighth Amendment. On December 23, 2011, Defendant filed a motion for summary judgment. Defs.' Mot. Summ. J., Doc. 66. Plaintiff filed an opposition on January 19, 2012.[1] Doc. 70. On February 10, 2012, Defendants filed a reply. Doc. 76. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on November 30, 2009. Second Informational Order, Doc. 17; *see Rand v. Rowland*, 154 F.3d 952, 955-56 (9th Cir. 1998) (en banc).

1

II.     **Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

**III.    Statement Of Facts[2]**

---

[2] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff's opposition is verified under penalty of perjury. Plaintiff's verified opposition will be considered to the extent that it is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that he is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). The Court will consider only those facts and evidence that are relevant to resolving the motion

3

Plaintiff is currently an inmate incarcerated at the California Medical Facility in Vacaville, California. Pl.'s Opp'n, 12:12-16. On November 22, 2008, Plaintiff filed his complaint, alleging that Defendant Boyer violated his Eighth Amendment right to be free of cruel and unusual punishment while he was incarcerated at Corcoran State Prison in November of 2004. Pl.'s Compl., Doc. 1. On September 13, 2004, Cedric Sample was placed into Administrative Segregation, for his involvement in an altercation with another inmate. Def.'s Counsel Jarhett Blonien Decl., Ex. C, CDC 128 G Form, Initial Review, Institutional Classification Committee Action for Cedric Sample, dated Sept. 22, 2004.[3] On September 22, 2004, Sample appeared before the Institutional Classification Committee ("ICC") for his initial review. *Id.* At this hearing, the ICC elected to retain Sample in Administrative Segregation pending the adjudication of his Rule violation Report for "battery on an inmate." *Id.*

On November 17, 2004, Cedric Sample appeared before the ICC for his Special Review. Blonien Decl., Ex. D, CDC 128-G, Special Review, ICC, dated Nov. 17, 2007.[4] During this review, the ICC elected to suspend the remainder of Sample's term in Administrative Segregations, and the ICC cleared Sample to return to the General Population. *Id.* The ICC assigned Sample to the 3A yard and cleared him for a double cell. The ICC assigned Sample to the 3A yard and cleared him for a double cell. *Id.*

On November 17, 2004, Plaintiff had a cellmate who was moved that day, leaving Plaintiff with no cellmate. Pl.'s Opp'n 12:23-26. In the evening of November 17, 2004, Sample was transferred from Administrative Segregation to the 3A yard where Defendant Boyer placed him into the cell with Plaintiff. C. Boyer Decl. ¶ 4; Blonien Decl., Ex. D; Pl.'s Opp'n 5:2-5.

---

for summary judgment.

[3] Plaintiff contends that this document is false because any updates should have been filed on a separate CDC 128-G, and that the person who signed the update was not part of the classification committee. Pl.'s Opp'n 15:9-16. Plaintiff's objection is denied. Plaintiff provides no basis for the Court to conclude that this document is wholly false. Whether or not the update was properly done is irrelevant. Plaintiff does not contest the underlying facts in the document.

[4] Plaintiff contends that this document is false for the reasons given as to Exhibit C to counsel's declaration. Plaintiff's objection is denied, for the reasons given above.

1  Sample and Plaintiff lived with each other for eight days without any incident, and Plaintiff never
2  complained that he felt unsafe living with Sample. Pl.'s Dep. 35:18-36:25; 43:18-20, dated Aug.
3  15, 2011.[5] On the morning of November 25, 2004, Sample and Plaintiff were involved in an
4  altercation in their cell, where Sample hit Plaintiff in the back of the head. *Id.* at 16:4-20:25; Pl's
5  Compl. Custody staff responded to the altercation between Smith and Sample, and separated the
6  parties. Plaintiff and Sample immediately received medical attention, and the MTA noted that
7  Plaintiff had suffered a large bump on the back of his head, and small cuts on the inside of his
8  mouth, during the altercation with Sample. Pl.'s Dep. 21:1-22:14; Blonien Decl., Ex. E, CDC
9  115-C, Rules Violation Report Part C, dated Nov. 25, 2004; CDC 7219, Medical Report of Injury
10 or Unusual Occurrence, dated Nov. 25, 2004.

    Prior to being released from Administrative Segregation, an inmate must go before an
ICC. Boyer Decl. ¶ 3. The ICC is responsible for assessing where an inmate should be housed
once they are released from Administrative Segregation. *Id.* After an inmate is cleared by the
ICC to be housed in a given yard, that yard is responsible for housing that inmate as assigned by
the ICC. *Id.* ¶ 5. An ICC will review the inmate's central file and case factors to determine
whether the inmate is able to be housed in the general population with a cellmate. An ICC
usually consists of a Chief Deputy Warden, a Facility Captain, a Correctional Counselor II, and a
Correctional Counselor I. At the ICC hearing, the inmate is present and has an opportunity to be
heard. *Id.* ¶ 3.

    As a Correctional Sergeant, it is not Defendant Boyer's job to decide to which yard
inmates who are released from Administrative Segregation are sent.[6] *Id.* Defendant Boyer did

---

[5] Plaintiff contends that these excerpts from his deposition are improper because Plaintiff's errata sheet was not taken into account. Pl.'s Opp'n 14:12-15:8. Plaintiff's objection is denied. Even if the proposed changes were incorporated into the deposition, none of Plaintiff's changes materially affect the facts presented. Plaintiff does not dispute the facts.

[6] Plaintiff contends that Defendant Boyer has a responsibility as a program sergeant to screen all individuals received into the general population 3A yard because of the sensitive nature of 3A yard. Pl.'s Opp'n 13:1-13. Plaintiff contends that Defendant Boyer was responsible for the cell move of Sample into Plaintiff's cell.
    Plaintiff's objection will be granted in part. Based on the facts presented, Defendant Boyer does have the authority to place inmates in certain cells within his yard. As to whether Defendant Boyer had

not partake in Cedric Sample's ICC hearing, and he did not have anything to do with Cedric Sample being assigned to the 3A yard. *Id.* ¶ 4. If either inmate had voiced any concern or fear about housing with one another, alternative living arrangements would have been sought.[7] *Id.* ¶ 7. Plaintiff never notified Defendant Boyer that he did not feel safe living with Sample. *Id.* ¶ 9; Pl's Dep. 35:18- 36:25.

## IV.  Analysis

Defendant contends that 1) Plaintiff's complaint was filed beyond the statute of limitations, 2) there is no genuine dispute of material fact with regards to deliberate indifference, and 3) Defendant is entitled to qualified immunity.

### A.  Statute Of Limitations

Defendant contends that Plaintiff's complaint was filed beyond the applicable statute of limitations. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Wallace*, 549 U.S. at 387. California's statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1 (2011). Under California law, inmates sentenced "for a term less than life" are provided two years of statutory tolling for damage claims during incarceration. Cal. Civ. Proc. Code § 352.1(a), (c). Plaintiff is currently eligible for parole, so he is entitled to two years of statutory tolling for damage claims during incarceration.

---

authority to send an inmate from administrative segregation to 3A yard, Plaintiff has not demonstrated that Defendant Boyer did so. Plaintiff concedes that it was the ICC who made the determination to send Sample to general population, 3A yard.

[7] Defendant Boyer also contended that inmates are not forced to live together. Plaintiff objects that inmates are forced to live together in certain circumstances. Pl.'s Opp'n 13:13-23. Plaintiff contends that Defendant Boyer informed Plaintiff that he would be sent to administrative segregation for refusing an inmate without cause. Plaintiff's objections are granted. Defendant's contention will be omitted.

1     Defendant concedes that Plaintiff's complaint is deemed filed as of November 22, 2008.
*See Douglas v. Noelle*, 567 F.3d 1103, 1107–09 (9th Cir. 2009) (complaint deemed filed when submitted for mailing at prison).  Based on the undisputed facts, Plaintiff was unaware of any issues with being housed with Sample until Sample attacked Plaintiff on November 25, 2004. The statute of limitations begins to run once Plaintiff's cause of action has accrued. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998).  A federal claim accrues when the Plaintiff knows or has reason to know of the injury which is the basis of the action. *Wallace*, 549 U.S. at 388. Thus, the action accrued on November 25, 2004.  It is unclear whether Defendant maintains his argument that Plaintiff's complaint was not timely filed.  However, based on the filing date of the complaint, and the date of accrual of this action, Plaintiff's complaint is timely.[8]  Accordingly, summary judgment in favor of Defendant will be denied as to statute of limitations grounds.

**B.     Deliberate Indifference Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . .

---

[8] The Court notes that Plaintiff would be eligible for equitable tolling while he attempted to exhaust administrative remedies. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

. ." *Id.* at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835.

Defendant does not deny that Plaintiff faced a serious harm.  However, Defendant contends that he had no knowledge of a substantial risk of serious harm to Plaintiff.  Defendant contends that the ICC, not Defendant, was responsible for finding it appropriate to re-house Sample, deciding that he was not a danger to the general population in 3A yard.  Def.'s Mem. P. & A. 6:15-7:9.  Defendant contends that Plaintiff never notified Defendant that he felt unsafe living with Sample. *Id.*  Defendant has met his initial burden.  The burden shifts to Plaintiff to present evidence which demonstrates the existence of a genuine dispute of material fact.

Plaintiff contends that Defendant Boyer had a duty to investigate the background of all inmates to be housed in his yard, citing to section 3269, Title 15 of the California Code of Regulations.  Pl.'s Opp'n 10:17-11:13.  Section 3269 governs inmate housing assignments upon arrival at an institution, facility, or program reception center. It states, "Upon arrival at an institution, facility, or program reception center, a designated custody supervisor shall screen an inmate for an appropriate housing assignment." Cal. Code Regs. tit. 15 § 3269(a).  The section does not explain who the designated custody supervisor would be.

Plaintiff further contends that because 3A yard has particular program issues, screening of inmates placed in the yard also occurs as part of the standard policy.   However , Plaintiff has not raised a genuine dispute of material fact as to his Eighth Amendment claim. The ICC had approved Sample for general population housing in 3A yard.  Even if Defendant Boyer had a duty to re-screen the background of inmate Sample prior to housing him, and failed to do so, that does not demonstrate that Defendant Boyer knew that Sample would pose a substantial risk of serious harm to Plaintiff.  There is no evidence which would indicate that Defendant Boyer did

8

know of the threat posed by Sample to Plaintiff.  Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff has at most raised a genuine dispute of material fact as to negligence.  Negligence, however, is not deliberate indifference.  *Farmer*, 511 U.S. at 835 (deliberate indifference is more than mere negligence).

Plaintiff has not presented evidence which raises a genuine dispute of material fact regarding his Eighth Amendment claim against Defendant Boyer.  Defendant is entitled to judgment as a matter of law.

### C.   **Qualified Immunity**

Defendant contends that he is entitled to qualified immunity.  Because Defendant is entitled to judgment as a matter of law for the Eighth Amendment claim, the Court need not discuss qualified immunity here.

### D.   **Motion To Compel**

Plaintiff filed a motion to compel on January 13, 2012.  The motion to compel is not necessary for the resolution of Defendant's summary judgment motion.  It will thus be denied as moot.

## IV.   Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for summary judgment, filed December 23, 2011, is GRANTED;
2. Summary judgment is granted in favor of Defendant Boyer and against Plaintiff for Plaintiff's Eighth Amendment claim; and
3. All remaining motions are denied as moot.

IT IS SO ORDERED.

Dated:   **June 11, 2012**              /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE

9